## Schick *versus* Pharo.

*Fraudulent judgment only void as against contesting creditor.*

In a feigned issue to ascertain the validity of a judgment as against creditors, the verdict and decree thereon enures only to the benefit of the contesting creditor.

THIS was a feigned issue awarded on the distribution of the proceeds of the sheriff's sale of the real estate of Henry Schmitt.

The fund in court was $610, which M. A. Dropsie, Esq., was appointed to distribute.

The mechanics' lien creditors "alleged that the judgment confessed by Henry Schmitt to Charles Schick was fraudulent and given without consideration." Mr. Schick's counsel took the ground that, under the decisions of the Supreme Court, the auditor had no power to inquire into the validity of the judgment. That all he could do was to suspend or adjourn the audit if requested by the lien-creditors, to allow them to apply to the court for an issue to test the validity of the judgment. The auditor took this view of the case, but as the lien-creditors did not ask him to suspend the audit, he awarded the fund to Mr. Schick, the appellant, on his judgment.

After closing the audit Campbell & Pharo, lien-creditors, demanded an issue to try the following facts, viz :—

1. Whether the said judgment in favour of said Schick against said Schmitt in the Supreme Court of January Term 1861, No. 129, for $19,500, was confessed by said Schmitt to the said Schick without consideration.

2. Whether the said judgment was confessed by the said Schmitt to and received by the said Schick for the purpose of hindering, delaying, and defrauding the said Campbell & Pharo and other creditors of the said Schmitt.

3. Whether the balance of said judgment if any has been paid.

4. Whether the claim of said Campbell & Pharo upon said fund is prior and preferred to that of said Schick.

Charles Ottinger filed exceptions to the report of the auditor to the effect that the auditor erred in deciding that he had no right to inquire into the validity of the lien of the judgment of Charles Schick, and in awarding the fund to Charles Schick, instead of the mechanics' lien creditors.

John Vanderbelt, the remaining mechanics' lien creditor, neither claimed an issue nor filed exceptions.

The court below (SHARSWOOD, P. J.) sustained the exceptions, delivering the following opinion :—

[Schick *v*. Pharo.]

" The auditor in this case has, with hesitation, followed some dicta and decisions of the Supreme Court, that a judgment cannot be collaterally attacked for fraud before an auditor. Our practice is different. We do not understand that court ever to have held that in one court a judgment of another court cannot collaterally be impeached for fraud, or that in one case a judgment in the same court in another case cannot be collaterally attacked on the same ground. On the contrary, no point of law can be better settled by themselves than that, and it is of constantly recurring application : Hauer's Appeal, 5 W. & S. 473 ; Baird *v*. Campbell, 4 Id. 191 ; Drexel's Appeal, 6 Barr 272 ; Dickinson's Appeal, 7 Id. 257 ; Johnson's Appeal, 9 Id. 416. Now if such a question of fact can be raised and decided in court, why not before an auditor ? A court may establish, as a matter of practice, that their auditors, who are officers of that court subject to their orders, shall nòt take cognisance of such questions, but that is a mere matter of discretion. The party before an auditor has his right to demand his issue and trial by jury, but if he choose to submit the question to the auditor we see no reason why he should not be allowed to do so, as well as any other question of fact, whether of fraud or anything else. Our practice has always been different, and we have refused, where a controversy upon the *bona fides* of one of our judgments has arisen in another tribunal, to permit a stranger to come in, and even open or set aside a judgment or have an issue to decide whether it is good as against him. Upon such an issue we could give no judgment—issue no execution. The fraudulent judgment being perfectly good between the parties must stand a valid judgment of this court, no matter how fraudulent it may be as to third parties : Rowland's Estate, 7 Penna. Law Jour. 312. Exception sustained."

After the trial of the issue asked for by Mr. Pharo, the following decree was made :—

" And now, December 24th 1864, the issue awarded by the court, in the above case, having been tried, and verdict rendered for the plaintiff, on the first issue, on the motion of Amos Briggs, for the plaintiff in the issue, the court order, adjudge, and decree that the costs of said trial be deducted from said fund in court, and the claims of John Vanderbelt, Charles Ottinger, and Allen R. Pharo, surviving partners, &c., and the balance thereof, as reported by the auditor, be respectively paid to them or their respective attorneys, and the balance of said fund to the said Charles Schick."

This writ was then sued out, and the following matters assigned for error :—

1. The court below erred in not dismissing the exceptions to the auditor's report and confirming the same absolutely.

13 Wr.—25

2. In distributing or awarding a portion of the fund to John Vanderbelt.

3. In distributing or awarding a portion of the fund to Charles Ottinger.

4. In distributing or awarding a portion of the fund to Allen R. Pharo.

· 5. In making the decree of December 24th 1864.

*Byron Woodward* and *Geo. W. Biddle,* for plaintiff in error.

*Amos Briggs,* for defendant in error.

The opinion of the court was delivered, May 15th 1865, by
WOODWARD, C. J.—Campbell & Pharo claimed an issue before the auditor and filed their affidavit to contest the validity of Schick's judgment. The court awarded the issue which resulted in setting aside the judgment as to Campbell & Pharo, but not as to the other creditors of Schmitt who remained inactive. Yet the decree was that Vanderbelt & Ottinger, as well as Pharo, the surviving partner of Campbell & Pharo, should have the benefit of the verdict. Herein there was manifest error. The decree was right as to Pharo, whose proceedings were regular, but were wrong as to the creditors who took no part in them and asked for no issue. See opinion in Schick's Appeal herewith filed.

The decree is affirmed so far as it relates to the claim of Allen R. Pharo, surviving partner of Campbell & Pharo, with costs, but is reversed in so far as it relates to the claims of John Vanderbelt and Charles Ottinger; and the record is remanded for further proceedings.